REQUESTED BY: J Richard Biles, Executive Director, Nebraska State Board of Public Accountancy
Can public accounting experience be combined with other types of statutorily prescribed work experience for the purpose of determining whether a person qualifies under the years of experience requirements for the issuance of a permit to practice from the Board of Accountancy?
No.
Neb.Rev.Stat. §§ 1-136.02 and 1-136.04 (Reissue 1977) set forth the experience a person must have before the Board of Accountancy is authorized to issue permits to engage in the practice of public accounting. Neb.Rev.Stat. § 1-136.02
provides:
 The board shall not issue a permit under section 1-136 to any holder of a certificate of certified public accountant until such holder has had (1) two years of public accounting experience satisfactory to the board, in any state, in practice as a certified public accountant or as a public accountant or in any state in employment as a staff accountant by anyone practicing public accounting, or any combination of either of such types of experience, (2) three years of auditing experience satisfactory to the board in the office of the Auditor of Public Accounts or in the Department of Revenue, or (3) experience gained through employment by the federal government as a special agent or an internal revenue agent in the Internal Revenue Service and who holds a degree from a college or university of recognized standing and is certified by a District Director of Internal Revenue as having at least three and one half years of field experience as a special agent or internal revenue agent.
This statute does not provide for a combination of the various classes of authorized experience except for variations in public accounting experience. For instance, there is no provision for the combination of public accounting experience with experience in the office of the Auditor of Public Accounts. Additionally, as these types of experience are weighted differently (two years of public accounting experience being necessary but three years of auditing experience in the state position being required) one would expect that had the Legislature intended for such types of experience to be combined the particular procedure to be followed in doing so would have been established.
In the absence of specific authorization for the combination of the different classes of acceptable experience, particularly in light of the fact that combination has been authorized for variations in public accounting experience, and since no procedure has been established by law for such combination when it would be expected that the Legislature would have done so had it desired to make such a provision, it is our conclusion that the classes of acceptable experience cannot be combined to fulfill the years of experience requirement. Support for this view can be found in the floor debate on LB 290, passed in 1977, where the sponsor of the legislation relevant to this inquiry indicated that an auditor for the Department of Revenue would have to remain in that position for the required number of years in order to fulfill the experience requirement.
We have not been asked whether experience in the office of the Auditor of Public Accounts can be combined with experience in the Department of Revenue to fulfill the three year requirement of section 1-136.02 (five years under section1-136.04) and, therefore, express no opinion on that issue.
Very truly yours, PAUL L. DOUGLAS Attorney General Mark D. Starr Assistant Attorney General APPROVED:Paul L. Douglas
Attorney General